Opinion by
Mr. Justice Moore.
Plaintiff in error hereinafter referred to as the defendant, was accused of the crimes of burglary and conspiracy to commit burglary. He entered pleas of not guilty to each of these charges. The jury returned verdicts of guilty on each count, and after motion for a new trial was filed and denied the defendant was sentenced on each of the counts to not less than two nor more than five years in the state penitentiary, which sentences were to run concurrently.
As grounds for reversal of the judgment it is argued that:
“I. The Court erred in admitting Exhibit A into evidence.
“II. The Court erred in denying defendant’s motion for judgment of acquittal at the close of The People’s case, and again following completion of testimony.
“III. The Court erred in not amending the form of verdict relating to the charge of burglary.
“IV. The Court erred in its instructions submitted to the jury.”
The record discloses that one J. J. Murphy, a dentist, was the owner of a building located at 3628 West 32nd avenue in Denver, Colorado. One portion of the building was used by Dr. Murphy as an office in which he practiced his profession, and another portion was occupied by him as his residence. The office and living quarters were connected by a door.
On September 25, 1963, at about the noon hour, Dr. *554 Murphy left his office and entered his living quarters. Shortly thereafter, he heard a loud disturbance in the office. He re-entered the office and discovered two men ransacking his desk and files. He yelled to the intruders to, “Get the hell out of here,” and thereupon they fled. Although the doctor endeavored to catch them they outdistanced him and disappeared.
Immediately prior to the above incident, one Mary Jane Blankenship, who resided across the street from the doctor’s office, saw two young men approaching a two-toned brown and tan automobile which had stopped in front of her home. One of the occupants of the automobile delivered something to one of the men who approached the car after which the two pedestrians left the parked automobile and walked down the street toward Dr. Murphy’s office. She became suspicious of their actions and wrote the license number and description of the car on the September page of her kitchen calendar. Later this calendar sheet was given to investigating police officers and at the trial it was admitted as Exhibit A. After she had made the entry on the calendar sheet she saw the same two young men come running out of a doorway on 32nd avenue; watched them run across the corner in front of her house and get into the parked automobile which she had identified on the calendar sheet; and then saw them drive away on Meade street. Dr. Murphy who was in pursuit appeared and talked to her, at which time she learned of the events which had taken place in his office. Police officers, tracing the license number secured from Mrs. Blankenship, arrested the defendant who was identified by both Dr. Murphy and Mrs. Blankenship as being one of the persons seen by them as a participant in the actions described above.
 From the foregoing statement of facts, it is quite apparent that no error was committed by the trial court in admitting Exhibit A into evidence. It is equally apparent that there was ample evidence to support the *555 verdict of the jury on each count. The contention of counsel for defendant that there was no evidence of any intent to commit the crime of larceny, or other crime, is so unreasonable as to deserve no comment.
With reference to the contention that the form of the burglary verdict was not in compliance with the statutory definition of the crime, has no merit. Moreover, at the time the forms of verdict were submitted to counsel for his examination, he made no objection whatever thereto. Accordingly, he cannot now be heard to complain on account thereof. There was no error in the instructions given to the trial court.
The judgment is affirmed.
Mr. Justice Frantz and Mr. Justice Me Williams concur.